**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| STEVEN MICHEAL IDE, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21-CV-1238 HEA |
| | ) | |
| BRENDA SHORT, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Steven Micheal Ide, II, a pretrial detainee at the Jefferson County Jail, for leave to commence this civil action without payment of the required filing fee. ECF No. 2. Having reviewed the motion to proceed *in forma pauperis* and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court will direct plaintiff to submit an amended complaint in compliance with the instructions herein.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In support of his motion for leave to proceed *in forma pauperis*, plaintiff submitted a non-certified resident account statement listing zero payments and deposits from June 24, 2021 to September 18, 2021. ECF No. 3. This statement does not provide the detailed account activity required to calculate average deposits or balances over a six-month period. Based on the limited financial information provided, the Court finds plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (stating that the Court should assess a partial filing fee amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a certified copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

On October 14, 2021, self-represented plaintiff Steven Micheal Ide, II filed the instant action on a form complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff names the Jefferson County Jail Administrator, Brenda Short, as the sole defendant in her official and individual capacities.

In the "Statement of Claim" section of the Court-provided form complaint, plaintiff presents the following allegations in their entirety:

3

> 1. While incarcerated in Jefferson County Jail I noticed some very disturbing Administrative errors going on.
>
> 2. This has occurred from 8/20/21 to [] current 10/8/21
>
> 3. Jefferson County Jail
>
> 4. All the Administrative errors have to do with the quarantine processes being complet[e]ly ignored and any an[d] all the detainees are subject to compromising and life threatening illnesses on the daily due to complete and I mean complete disregard to the citizens/detainees health and welfare
>
> 5. The defendant has made the grievance process completely uneffective [sic] due to the proper procedure being disregarded. The defendant has not stopped the endangerment to the health and welfare of the detainees. The defendant has responded very unprof[]es[s]ional and complet[e]ly lost all due process

*Id.* at 3-4.

Plaintiff left the "Injuries" section of his form complaint blank. For relief, plaintiff requests "the courts to make the situation better for any and all future inmates, to make any and all proper procedures available[.]" *Id.* at 5.

## Discussion

Having thoroughly reviewed and liberally construed the complaint, and for the reasons discussed below, the Court will direct plaintiff to amend his complaint.

**A. Official Capacity Claim**

The only named defendant in this action is the Jail Administrator, Brenda Short. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). A "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy

4

"must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Here, Brenda Short is alleged to be an employee of the Jefferson County Jail. The Jefferson County Jail, however, is a department of local government, and not a distinctly suable entity. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of police department because it was not a juridical entity); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). Thus, plaintiff's official capacity claim against defendant Short, an employee of the Jefferson County Jail, is subject to dismissal.

Even if Jefferson County was substituted as defendant Short's employer, plaintiff's official capacity claim would still be subject to dismissal. A local governing body such as Jefferson County can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). However, the county cannot be held liable merely because it employs a tortfeasor. *See A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under § 1983, a municipality . . . cannot be liable on a respondeat superior theory"). Rather, to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such

5

liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of Jefferson County.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Here, plaintiff has not alleged facts supporting the proposition that his constitutional rights were violated due to an unconstitutional policy, custom, or failure to train on the part of Jefferson County. With regard to policy, plaintiff's facts point to no Jefferson County "policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body" as causing him harm. That is, while he alleges "administrative errors" in adhering to "quarantine processes," he fails to demonstrate that the jail conditions were the result of "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." To the contrary, plaintiff appears to allege an appropriate policy exists, but the Jail itself committed an "administrative error" in following that policy.

As to an unofficial custom, plaintiff has not established the "existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by" Jefferson County employees, much less that Jefferson County officials were deliberately indifferent to or tacitly authorized such misconduct. Plaintiff's facts amount to a vague allegation that "quarantine processes" are being ignored to "compromise" detainees at the Jefferson County Jail, but he provides no support for the

7

contention that his constitutional rights were violated, nor does he demonstrate a pattern of unconstitutional acts.

Likewise, plaintiff has not demonstrated the existence of a failure to train or supervise because he has not alleged a "pattern of similar constitutional violations by untrained employees." Rather, as discussed above, plaintiff's general complaints about "quarantine processes" at the Jefferson County Jail do not indicate a pattern of constitutional violations by employees of Jefferson County.

For the reasons discussed above, plaintiff has failed to allege facts showing that Jefferson County violated his constitutional rights due to a policy, custom, or failure to train. Thus, to the extent that Jefferson County can be considered defendant's employer, the claim against it is subject to dismissal. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

### B. Individual Capacity Claim

Plaintiff has failed to make any specific allegations against the sole defendant, Brenda Short. Liability in a § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) As such, liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights. *Madewell*, 909 F.2d at 1208; *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or

directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). Thus, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019). *See also Keeper v. King,* 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983); *Woods v. Goord*, 1998 WL 740782, at *6 (S.D.N.Y. Oct. 23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983).

Here, plaintiff has presented no facts showing a causal connection between any action taken by defendant Short, the Jail Administrator, and the deprivation of plaintiff's constitutional rights. While plaintiff complains about how the Jefferson County Jail is handling the coronavirus pandemic, the allegations are generalized, vague, and do not show that plaintiff was personally harmed by defendant's actions. In other words, plaintiff appears to assume that the Jail Administrator's supervisory position makes her liable. However, there are no facts that actually establish the Jail Administrator's responsibility for the violations plaintiff alleges, or facts showing that she failed to act to correct a constitutionally violative situation. As a result, the complaint fails to state a claim upon which relief can be granted.

Plaintiff also fails to allege any injury as a result of defendant's actions as he left the "Injuries" section of his form complaint blank. Plaintiff does not seek actual compensatory damages, and limits his request for the Court "to make the situation better for any and all future inmates." There is no constitutional violation where an inmate cannot show he suffered an injury or adverse health consequence. *See Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995).

"Claims under the Eighth Amendment require a compensable injury to be greater than *de minimis*." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). "While a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation." *White v. Holmes*, 21 F.3d 277, 281 (8th Cir. 1994).

Plaintiff further complains the Jail's grievance process is ineffective "due to the proper procedure being disregarded" and he was denied due process because defendant Short unprofessionally responded to his grievance. These claims are also subject to dismissal. First, it is well established there is no federal constitutional liberty interest in having prison officials follow prison regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996); *see also Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy is not a basis for § 1983 liability). Second, there is no federal constitutional right to a prison grievance procedure, and neither state law nor state policy creates one. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (a prison officials' failure to process or investigate grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only and does not confer substantive right on inmate); *see also Burnside v. Moser*, 138 Fed. App'x 414, 416 (3d Cir. 2005) (prisoners do not have a constitutionally protected right to a prison grievance process).

Plaintiff's complaint is also deficient in that he appears to attempt to bring claims on behalf of all detainees at the Jail. Plaintiff alleges the failure of the Jail to adhere to an unidentified quarantine process has endangered the health and welfare of the detainees, subjecting them to life threatening illnesses, and he seeks the Court "to make the situation better for any and all future inmates." A plaintiff "must assert his own legal rights and interests, and cannot rest his claim to

relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). A person must be litigating an interest personal to him. *See Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (stating that non-lawyers may only represent themselves because "an individual may appear in the federal courts only *pro se* or through counsel"). As such, plaintiff may not bring claims on behalf of other prisoners, must allege a personal loss or injury, and lacks standing to assert claims regarding the mistreatment of other inmates. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). Therefore, plaintiff's amended complaint should only contain allegations concerning himself and grievances filed on his own behalf.

## Instructions on Amending the Complaint

Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for harming him. *See Madewell*, 909 F.2d at 1208. Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Plaintiff must not amend a complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief.

Finally, plaintiff is directed to complete the form complaint in its' entirety, including the section designated to list his injuries. An action pursuant to 42 U.S.C. § 1983 is a tort claim, and a plaintiff must suffer some actual injury before he can receive compensation. *Irving*, 519 F.3d at

12

448. The Prison Litigation Reform Act ("PLRA") states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e); *see also McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018) ("We interpret the PLRA to require more than a *de minimis* physical injury.").

### Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. ECF No. 4.  In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel.  *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013).  *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).  When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that he has presented non-frivolous claims. Additionally, this case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot

investigate the facts and present his claims to the Court. The Court will therefore deny his motion without prejudice, and will entertain future motions for appointment of counsel, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank Prisoner Civil Rights Complaint forms.  Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint on the Court's form within **thirty (30) days** of the date of this Order. plaintiff is advised that his amended complaint will take the place of his original complaint and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED** at this time.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 27th day of October, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE